Defendant was the owner of a market where fruits, vegetables, groceries and meats were sold at retail. He was at the times mentioned herein engaged in mercantile trade and subject to the provisions of chapter 180 of the General Statutes concerning minimum wages, and specifically to an order promulgated thereunder known as "Mandatory Order No. 7 B . . . Minimum Fair Wage Rates for Adult Males Employed in Mercantile Trade." *Page 157 
Upon the credible evidence, it is concluded that on May 15, 1947, defendant and plaintiff, an adult male, entered into a mutual agreement under the terms of which the plaintiff agreed to work for the defendant at his said market as a helper and grocery clerk during six days of each week as follows: — Mondays, Tuesdays, Thursdays and Saturdays from 7 a.m. to 7 p.m. less one hour for lunch; Wednesdays from 7 a.m. to 1 p.m., and Fridays from 7 a.m. to 9 p.m. less one hour for lunch. Plaintiff was not required to be on duty during his lunch hour. For this work, consisting of 63 hours in each week, defendant agreed to pay plaintiff a weekly wage of $50 net to him after necessary deductions such as social security; to permit plaintiff to have food supplies for himself and family at cost and to allow plaintiff to help himself to such food as he might care to have each day for lunch. Plaintiff started to work for defendant under this agreement on May 16, 1947, and continued this employment until December 19, 1949. Defendant has paid plaintiff the agreed wage of $50 per week during the entire time of this employment without any deductions for lost time.
Plaintiff now brings this action under § 3796 of the General Statutes, seeking recovery for claimed overtime work in excess of a 44 hour week, for which overtime he claims to have received no payment. The parties are subject to the provisions of said Mandatory Order No. 7 B, which provides that defendant's "full time" help at this market must receive compensation of "Not less than $22. per week of 36-44 hours." Said order also provides that "The term full time employee means a person employed to work 36-44 hours per week, whether as a regular employee for a fixed or indeterminate time or as an extra employee for particular weeks. In a week in which a legal holiday occurs, 36 hours shall constitute a full week's work." A part-time employee is defined as a person who works less than 36 hours per week. The said *Page 158 
Order No. 7 B contemplates that an employee shall be paid for legal holidays (of which there appears to be no more than one in any calendar week) and § 7355 of the General Statutes provides for an eight-hour day.
The said Order No. 7 B also provides that the hourly rate of the "full time employee" is established as follows: — "The hourly rate of a full time employee shall be computed by dividing the employee's weekly wage by 44 hours unless the employee's regular work week is less, then to establish the hourly rate, divide by the number of hours in the regular work week." This establishes a formula for determining the hourly rate of a full-time employee (a) who is employed to work 36-44 hours per week, when the hourly rate is computed by dividing the employee's "weekly wage" by 44 hours, and (b) who is employed to work less than the 36-44 hour week, when the hourly rate is computed by dividing the employee's weekly wage by the number of hours in the work week. But what of the employee, as in the case now before the court, who is employed as a regular employee to work more than 44 hours per week, The Mandatory Order No. 7 B does not provide a formula for computing the hourly rate of such an employee. Plaintiff claims that the hourly rate of such an employee should be computed as in (a) above. This claim cannot be sustained since it produces a fallacious result. Under such a formula any employer hiring a full-time employee on a contract to work more than 44 hours a week for a fixed sum would find himself always in default.
Let us take the present case as an example: Employer hires employee to work on a job requiring 63 hours per week for the fixed sum of $50 per week. This contemplates 19 hours overtime, for which employee should receive one and one-quarter the regular hourly rate. It therefore becomes necessary to establish the hourly rate. If this is established by *Page 159 
dividing the "weekly wage" of $50 by 44, the hourly rate would be $1.136 per hour and the overtime rate would be $1.42 per hour and the weekly wage would be calculated as 44 hours at $1.136 per hour, which is $49.98, plus 19 hours at $1.42 per hour which is $26.98, making a total "weekly wage" of $76.96. This "weekly wage" of $76.96 is the amount which plaintiff now claims is the minimum wage due to this plaintiff based upon a work week of 63 hours, and that the defendant is in default to him in the amount of $26.96 per week for the period from May 16, 1947, to December 19, 1949.
Now to continue further with the example: Let us suppose that this same employee upon the same facts as to working hours had complained that his "weekly wage" was $76.96 (the amount he now claims to be the minimum). He should receive one and one quarter the regular hourly rate for the 19 hours of overtime. He establishes the hourly rate by dividing the "weekly wage" by 44 and arrives at an hourly rate of $1.749 per hour and then the overtime rate would be $2.186 per hour. He would then calculate his "weekly wage" as 44 hours at $1.749, which is $76.96, and 19 hours at $2.186, which is $41.534, making a total weekly wage of $118.49 which the employee may now claim he should have received as a "weekly wage" instead of the $76.96. And this could go on ad infinitum. A similar pyramiding of the "weekly wage" will also result if an employee is hired on an hourly basis on a job requiring more than 44 hours per week.
It is obvious that while formulas (a) and (b) are adequate for determining the hourly rate for full-time employees working 44 hours per week or less, it cannot be properly used for determining the hourly rate of a full-time employee working more than 44 hours per week either for a fixed wage or salary or on an hourly basis. *Page 160 
In creating the statute concerning the payment of minimum wages, it was the intention of the legislature to establish legislation which would guarantee to an employee a minimum wage which no employer might violate without being subject to penalties. The statutes and the regulations and orders promulgated pursuant thereto do not seek to fix or interfere with wage agreements between employer and employee other than to establish and fix a minimum below which no employer may pay. Mandatory Order No. 7 B, which was in force during the events which are the subject of this litigation, provides as a minimum fair wage rate that a full-time employee shall receive "not less than $22. per week of 36-44 hours," and that time worked in excess of 44 hours per week shall be paid for at least at one and one-quarter the employee's regular hourly rate. This is at the rate of $.50 an hour for the first 44 hours and $.625 an hour for each hour in excess of 44 hours.
The issue in the instant case is whether or not this plaintiff, a grocery clerk employed to work and who actually worked 63 hours per week for a weekly wage of $50, was paid less than the minimum fair wage to which he was entitled under said Mandatory Order No. 7 B. To determine this, one must determine the hourly rate paid for 44 hours and the hourly rate paid for the 19 hours of overtime. This can be worked out to a mathematical certainty as follows: — If the 19 hours of overtime are to be paid for at one and one-quarter the regular hourly rate, the equivalent in regular hours is 19 X 1 1/4 or 23.75 hours, and this added to 44 hours gives 67.75 hours, which is the adjusted total hours. The weekly wage was $50, and this divided by 67.75, the adjusted total hours, gives the regular hourly rate as $.738 per hour and an overtime hourly rate of $.9225 per hour. Now, 44 X $.738 = $32.47, and 19 X $.9225 = $17.53, the total of which is $50, the weekly wage. *Page 161 
Plaintiff has been paid on this job on the basis of $.738 per hour for 44 hours and $.9225 per hour for the hours worked in excess of 44 hours. This is not less but more than the minimum of $.50 per hour for 44 hours and .625 for all hours in excess of 44 hours prescribed by Mandatory Order No. 7 B.
In view of the above conclusion, it is unnecessary to consider defendant's special defense of the statute of limitations.
On defendant's counterclaim, admitted by plaintiff, it is found that on February 18, 1948, upon plaintiff's request, defendant paid a bill to the New Haven Buick Company in the amount of $103.21 for repairs to plaintiff's automobile and that although plaintiff promised to repay defendant he has never done so.
 The issues are found for the defendant on plaintiff's complaint and for the defendant on his counterclaim and judgment may enter accordingly and for the defendant to recover from the plaintiff the sum of $103.21 plus interest of $28.74, being a total of $131.95 and for costs.